ROACH *v.* STATE.

4758                                         262 S. W. 2d 647

Opinion delivered December 7, 1953.

*Bates, Poe & Bates,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for appellee.

WARD, J. Appellant was convicted for contributing to the delinquency of a minor and from the verdict of the jury and judgment of the court he prosecutes this appeal, based on several allegations of error.

Since the insufficiency of the evidence is not included in the allegations relied on by appellant we deem it necessary to set out only such as is necessary to an understanding of the questions hereinafter discussed.

Appellant was convicted for contributing to the delinquency of Tom Stahl, and in the course of the trial testimony was introduced which tended to show that the same conduct complained of had occurred in connection with other persons. Much of appellant's brief is devoted to the alleged error contained in the court's instruction No. 11 as it is copied in his brief. As so copied it contains this language: ''So, if you find from the evidence beyond a reasonable doubt that the defendant did . . . by any act, cause, encourage or contribute to the delinquency of the prosecuting witness *es or any of them . . .''* It appears however that the italicized words were lined out of the instruction and were erroneously left in the transcript by the clerk and that he made the correction after it was used by appellant's attorney. Appellant was of course advised of this discrepancy by appellee's brief but he makes no contention that the instruction as corrected was not the one given to the jury. If the transcript is incorrect the burden was upon appellant to have it corrected at the proper time and in the proper manner. In this instance however we are not left in doubt

because there is a notation at the bottom of the instruction signed by the trial judge stating that it was corrected before it was given to the jury. As so corrected it contains no error.

Appellant alleges as error the refusal of the trial court to give his requested instruction No. 20 which would have told the jury it must find that Stahl committed some act of delinquency before it could find the defendant guilty of contributing to his delinquency. The requested instruction was not a correct declaration of the law and therefore the court did not commit error in refusing to give it. See *Williams* v. *City of Malvern,* 222 Ark. 432, 261 S. W. 2d 6.

As part of its instructions the trial court submitted for the consideration of the jury Ark. Stats. § 45-204 which describes delinquency and Ark. Stats. § 45-239 which deals with persons contributing to delinquency. Appellant argues that this was error because much of the statutes had no direct bearing on the charge. Regardless of any merit that might be contained in appellant's contention we are not at liberty to consider it here because the objection made was *en masse* and no specific objection is shown to have been made. There were other correct instructions given in the case and consequently an objection *en masse* was not sufficient. See *Coffer* v. *State,* 211 Ark. 1010, 204 S. W. 2d 376.

Another allegation of error is that the trial court refused to give appellant's instruction No. 19 which would have told the jury in effect that if other witnesses participated in the commission of the offense they would be considered as accomplices. This refusal by the court was not error because there is no testimony in the record on which to base such an instruction even though it had been otherwise correct. Since there was no testimony tending to show that Stahl in any way gave his consent he was therefore not an accomplice, and further corroboration was not necessary. See *Gerlach* v. *State,* 217 Ark. 102, 229 S. W. 2d 37.

Again it is contended by appellant that the court erred in allowing the state to introduce testimony tending to show that appellant had on previous occasions engaged in similar conduct with other minors. We recognize of course the general rule that the commission of a crime can not be established by proof of the commission of other crimes, but that is not the situation here. The record discloses that after the introduction of the testimony complained of the court offered to admonish the jury to consider it only for the purpose of identifying the accused; and that, although appellant did not accede to this request, the court did so instruct the jury. Moreover, such testimony was not inadmissible in this case. We so held in *Hummel* v. *State,* 210 Ark. 471, 196 S. W. 2d 594, where, under a very similar situation the court said: "This court has repeatedly recognized and declared that evidence of other crimes recent in point of time and of a similar nature to the offense then being tried is admissible as bearing on the question of intent." Also in *Gerlach* v. *State, supra,* it was again said: "We have frequently held that evidence of other crimes of a similar nature to the one on trial and recent in point of time is admissible as bearing upon intent or purpose."

Finally appellant assigns as reversible error certain remarks made by the trial court in the presence of the jury. The first comment by the trial court occurred when appellant was attempting to show that he had deposited money in a bank at Clarksville the next morning after the offense was supposed to have been committed. Upon objection by the prosecution the court remarked:

"Mr. Poe, the fact that he did business in Clarksville at the bank on the 11th would not preclude his having been here on the night of the 10th."

We cannot however consider this contention on the part of appellant because the record reflects no objection was made. The other comment by the trial court objected to occurred in this manner. A certain witness for the state by the name of Bill testified that he saw the license number of the car which it was contended appellant was using at or near the time the offense was

committed. The prosecuting attorney had the number written down on a piece of paper and offered to introduce it, and the court remarked that he didn't think it should be used as an exhibit but could be used to refresh the witness' memory. Thereupon the witness read the number.

"Q.  Do you recall, Bill, what State the license represented?  A.  No, sir.  Oh yes, it was an Arkansas license but I don't know what county.

"Q.  I will ask you Bill if you recall what year, do you remember what year the license represented?  A. No, sir.

"Q.  What month was this?"

Thereupon the attorney for appellant stated:

"I am going to object. If he doesn't know what year it was I am going to object to all of this testimony."

THE COURT: "Mr. Poe, the court knows that in January the license of either year might be upon an automobile. The owner might have purchased a new license and have it on the car at that time or he might still be operating with the old license.

MR. POE: I want to renew my objection and take my exception."

It will be observed that the objection made by appellant was not an objection to the comment of the court but rather an objection to the admissibility of the testimony offered by the witness. The testimony was not inadmissible and it is not so contended. If appellant was under the impression that the remark made by the court was prejudicial it was his duty to so inform the court and give it an opportunity to make a retraction or explanation to the jury.

We have considered other contentions made by appellant but find in them no reversible error.

Affirmed.