Tommy RIOS *v.* STATE of Arkansas

CR 77-163                                         557 S.W. 2d 198

Opinion delivered November 7, 1977
(Division I)

*Clark & Miller,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Tommy Rios was convicted in the Garland County Circuit Court of a single charge of delivery of marijuana and sentenced to three years in the state penitentiary.

He alleges two errors on appeal: the trial court erred in admitting evidence of other crimes for which he was not charged; and, the trial court refused to admit evidence of Rios' reputation for truthfulness.

We agree with Rios that the trial court improperly admitted evidence of other crimes and, therefore, reverse.

The state's main evidence against Rios was the testimony of Randy Wayne Brookman, an Arkansas State policeman. Brookman testified that he purchased $15.00 worth of marijuana from Rios on the 4th of May, 1976. Rios was charged only with this offense. Brookman was also allowed to testify, over the objections of Rios, that later that same day he had purchased some phencyclidine, or PCP, from Rios. The state called a chemist to identify the marijuana and then rested its case. Rios presented his defense, and testified in his behalf.

After Rios had presented his case the state called Brookman back to the witness stand in rebuttal. He related that on May the 5th, the date after the original sale, he went back to Rios and purchased some more PCP. A chemist was also permitted to testify on rebuttal that he had examined a sample delivered to him by Brookman and found it to be PCP.

Rios was only charged with making one delivery. The state offered two other instances of criminal conduct which occurred at a later time under the pretext of showing Rios' intent, plan, motive, knowledge or absence of mistake. Other crimes, wrongs or acts are admissible under certain circumstances:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Ark. Stat. Ann. § 28-1001, Rule 404(3)(b) (Noncum. Supp. 1976).

However, we see no reason why evidence of these other crimes should have been admitted to prove any of the purposes referred to in the rule.

Our basic rule regarding the admissibility of other wrongs or offenses was set forth in *Alford* v. *State,* 223 Ark. 330, 266 S.W. 2d 804 (1954), and confirmed in *Sweatt* v. *State,* 251 Ark. 650, 473 S.W. 2d 913 (1971). In the latter we said:

> Proof that Sweatt had sold marijuana on other occasions had no relevancy except to show that Sweatt had dealt in drugs before and hence was likely to have done so again. That is precisely the type of proof that must be excluded. *Sweatt, supra.* at 652.

It was clearly error for the trial court to admit the evidence of other sales or delivery of drugs to simply prove Rios made a delivery on May the 4th. Therefore, we will reverse the judgment of the trial court and remand this case for new trial.

Because the issue as to the admissibility of character evidence may come up again during a retrial of this matter we must address it also.

After Rios testified, he called his employer purportedly

to testify that Rios was truthful. The trial court did not permit this evidence because apparently the employer could not testify that he knew of Rios' reputation in the "community" but only as his employer. Obviously, there was a misunderstanding of the rules by the court and counsel. The Arkansas Uniform Rules of Evidence have changed somewhat the law concerning admissibility of character evidence. For example, no longer is a person's reputation limited to the "community." Reputation may be of a person's character among his *associates* or in the community. Ark. Stat. Ann. § 28-1001, Rule 803(21) (Noncum. Supp. 1976); see also *Harvey* v. *State*, 261 Ark. 47, 545 S.W. 2d 913 (1977).

A defendant who takes the witness stand cannot support his testimony by offering evidence that shows his character for truthfulness unless his character has been attacked. See Ark. Stat. Ann. § 28-1001, Rule 608 (Noncum. Supp. 1976).

We cannot say from this record that Rios' truthfulness had been attacked simply because he took the witness stand. Certainly if the rebuttal evidence of the state regarding other offenses was admitted, it could be said that his credibility was attacked; but we have excluded that evidence so it will not come up on retrial. We cannot anticipate whether Rios will take the stand on retrial, nor can we predict how his cross-examination will develop. The evidence may or may not be admissible during a new trial. We simply point out to the court and counsel that the rules of evidence which control this issue' are set forth in the Arkansas Uniform Rules of Evidence. Ark. Stat. Ann. § 28-1001, Rules 404; 609; 802(21) (Noncum. Supp. 1976).

Reversed and remanded.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and ROY, JJ.