Kenneth MORGAN *v.* STATE of Arkansas

CR 91-251                                          826 S.W.2d 271

Supreme Court of Arkansas
Opinion delivered March 16, 1992

*Joe Kelly Hardin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant, a sixty-three-year-old man, was convicted of raping twelve-year-old and seven-year-old girls. He received concurrent life sentences for the two rape convictions. On appeal, he argues that the trial court erred in (1) allowing four additional girls to testify under A.R.E. Rule 404 about the appellant's sexual conduct towards them; and (2) denying the appellant's motion for mistrial after the appellant exposed himself to a witness and the jury. We find no merit in the appellant's arguments and therefore affirm his conviction.

At the trial, the two victims appellant was charged with raping and four other young girls testified about the appellant's sexual conduct towards them. In short, the girls testified that the appellant had them undress, undressed himself, kissed them, touched their breasts, performed oral sex, and penetrated their vaginas with his penis. The girls testified that the appellant gave them money after the sexual encounters. Appellant's account at the time he was arrested and during his trial was that he thought of the girls as his grandchildren and had no sexual contact with them, but he did give them money to buy things. Appellant stated that the girls started demanding too much money, and he had to stop. According to the appellant, the girls got mad and told him that they would make up sexual stories involving him. During their visits, appellant claimed that the girls told him they were

being sexually penetrated by Mr. Webb.[1] Appellant testified that he could not have had sex with the girls because he had been unable to have an erection for four years, and his theory is that the girls are mad at him because he stopped giving them money and they are protecting Mr. Webb.

During a pretrial hearing, the appellant objected to the testimony of the four girls of appellant's sexual acts towards them as being irrelevant to the appellant's charge of raping the two victims. In addition, the appellant stated their testimony would be highly prejudicial. The trial court ruled that the testimony of the four girls was relevant to show a course of conduct, a scheme, a plan, a design and intent. Rule 404(b) of the Arkansas Rules of Evidence provides the following on the admissibility of other crimes, wrongs or acts:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

This court has recognized that testimony is admissible under Rule 404, if it is independently relevant to the main issue—relevant in the sense of tending to prove some material point rather than merely to prove that the defendant is a criminal or a bad person. *Young* v. *State*, 296 Ark. 394, 757 S.W.2d 544 (1988). In *Alford* v. *State*, 223 Ark. 330, 266 S.W.2d 804 (1954), we stated that evidence of a prior similar offense in cases where the charge involves unnatural sexual acts shows not that the accused is a criminal but that he had a "depraved sexual instinct." Following this reasoning, we affirmed the trial court's ruling that the defendant's prior conviction for first degree sexual abuse involving a young boy was probative of intent, motive or plan under Rule 404(b) in the defendant's current trial for sexual abuse of a young girl. *George* v. *State*, 306 Ark. 360, 813 S.W.2d 792 (1991); *see also Baldridge* v. *State*, 32 Ark. App. 160, 798 S.W.2d 127 (1990).

---

[1] Apparently, Mr. Webb was also arrested and charged with the rape of young girls, but not the two girls who were the rape victims in the present case.

■ Likewise, in the present case, we affirm the trial court's ruling that the girls' testimony was admissible under Rule 404(b) to show motive, intent, or plan. The evidence was especially probative since the appellant denied having any sexual contact with the victims, blamed another person, and in fact appellant stated that it was physically impossible for him to have sexual intercourse.

■ Appellant also argues that the girls' testimony was inadmissible under A.R.E. 403, because its probative value is substantially outweighed by the danger of unfair prejudice. During the pretrial hearing, the appellant stated that the girls' testimony was highly prejudicial. Assuming that this objection was specific enough to raise the Rule 403 issue, he failed to obtain a ruling by the court on his objection. We have stated numerous times that the burden of obtaining a ruling is on the movant and objections and questions left unresolved are waived and may not be relied upon on appeal. *See, e.g., Richardson v. State*, 292 Ark. 140, 728 S.W.2d 189 (1987).

In his second point on appeal, the appellant argues that the trial court erred in denying his motion for mistrial when he exposed himself to a witness and the jury. After Dr. Graham's testimony concerning the physical evidence of sexual abuse present in the seven-year-old girl's genitalia, the appellant approached the witness, dropped his pants to expose his penis, and stated the following to the witness, "Doctor, could I do anything with that. That thing hasn't been hard, it hasn't had an erection in four years." The trial judge ordered the bailiff to get the appellant under control and immediately instructed the jury to disregard all of what just happened. The court then went into recess for fifteen minutes.

■ We have recognized that a mistrial is an extreme remedy that should only be granted when justice cannot be served by continuing the trial. *Taylor v. State*, 303 Ark. 586, 799 S.W.2d 519 (1990). As we recently noted in *Terry v. State*, 303 Ark. 270, 796 S.W.2d 332 (1990), a defendant cannot be allowed to abort a trial and frustrate the process of justice by his own acts. Further, we have repeatedly held under the invited error rule, that one who is responsible for error cannot be heard to complain of that for which he was responsible. *See Berry v. State*, 278 Ark.

578, 647 S.W.2d 453 (1983); *Kaestel* v. *State*, 274 Ark. 550, 626 S.W.2d 940 (1982); *see also Clinkscale* v. *State*, 13 Ark. App. 149, 680 S.W.2d 728 (1984). Clearly, the appellant alone was responsible for the outburst in front of the jury, and the trial court did not abuse its discretion in refusing to award appellant's misbehavior with a mistrial.

In accordance with Ark. Sup. Ct. R 11(f), the record of the proceedings has been examined, and the court has determined that there are no rulings adverse to appellant which resulted in prejudicial error. For the reasons set out above, we affirm the appellant's convictions.