David Harold SIMPSON *v.* STATE of Arkansas

CR 92-383                                   837 S.W.2d 475

Supreme Court of Arkansas
Opinion delivered September 28, 1992

494

*Bob Frazier*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, David Harold Simpson, raises several arguments on appeal following his two convictions for the rape of his daughters: 1) whether joinder of the offenses for trial was error; 2) whether Simpson should have been charged with incest and not rape; and 3) whether the trial judge was without jurisdiction to try this case. The three points are meritless, and we affirm.

On May 16, 1991, Simpson was charged in two separate informations for raping his two daughters, who at the time of the allegations were age four and age seven, respectively. A month later the prosecutor moved to join the two rape offenses for trial pursuant to Ark. R. Crim. P. 21.1. Simpson opposed the motion and simultaneously filed a motion for severance under Ark. R. Crim. P. 22.2 (a), contending that the two alleged offenses were not part of a single plan or scheme. Simpson further moved to dismiss the rape charges or, alternatively, to amend the charges to

incest. The motion to sever and the motion to amend were denied by the trial judge following a pretrial hearing. Simpson was then tried before a jury on October 22, 1991, convicted on both rape charges, and sentenced to twenty years on each offense, to be served consecutively.

Simpson first contends that it was error not to sever the two offenses for trial, since the offenses charged were not part of a single plan or scheme. We disagree. Ark. R. Crim. P. 22.2 reads:

> (a) Whenever two (2) or more offenses have been joined for trial solely on the ground that they are of the same or similar character and they are not part of a single scheme or plan, the defendant shall have a right to a severance of the offenses.

> (b) The court, on application of the prosecuting attorney, or on application of the defendant other than under subsection (a), shall grant a severance of offenses:

> (i) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or

> (ii) if during trial, upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense.

In addition, the commentary to the joinder rule (Ark. R. Crim. P. 21.1) states that the severance rule (Ark. R. Crim. P. 22.2) provides a defendant with an absolute right to severance of offenses when joined solely on the basis that they are of the same or similar character. Commentary to Article VI, *Arkansas Code*, p. 168 (1991).

Whether to grant a severance lies at the discretion of the trial judge, and the decision will not be reversed absent an abuse of discretion. *Ferrell* v. *State*, 305 Ark. 511, 810 S.W.2d 29 (1991); *Brown* v. *State*, 304 Ark. 98, 800 S.W.2d 424 (1990); *Ruiz* v. *State*, 273 Ark. 94, 617 S.W.2d 6 (1981).

We have previously held that the testimony of other rape victims is relevant in a criminal trial for the rape of two underage girls to show "motive, intent or plan" under Ark. R. Evid. 404(b). *Morgan* v. *State*, 308 Ark. 627, 826 S.W.2d 271

(1992); *see also George* v. *State*, 306 Ark. 360, 813 S.W.2d 792 (1991) (separate conviction for sexually abusing a child was admissible to prove motive, plan or intent of defendant). We have further stated that:

> "we will allow such testimony to show similar acts with the same child or other children in the same household when it is helpful in showing 'a proclivity toward a specific act with a person or class of persons with whom the accused has an intimate relationship.'"

*Free* v. *State*, 293 Ark. 65, 71, 732 S.W.2d 452, 455 (1987), *quoting White* v. *State*, 290 Ark. 130, 717 S.W.2d 784 (1986).

■ In this case, the issue is whether the two charges relating to separate daughters were part of "a single scheme or plan." A corollary issue under Rule 22.2 is whether severance is necessary to achieve a fair determination of guilt or innocence. Based on the authority cited above, it is clear that the testimony of one daughter would have been admissible at the trial of the other daughter to show a plan. Moreover, here there was ample evidence that the sexual activity relating to the two daughters was inextricably connected. Simpson admitted, according to the testimony of witnesses, that he had fondled his children. There was additional testimony that deviate sexual activity had occurred involving the children more than once over a period of a year. The victims and Simpson were all residing in the same household at the time. It is difficult, if not impossible, to isolate Simpson's sexual abuse of one daughter from that of the other. We hold that the trial judge did not abuse his discretion in denying the severance motion and in deciding that the rapes were part of a single scheme or plan.

Nor do we give credence to Simpson's second argument that the trial judge should have ordered an amendment of the two charges to incest. Our state constitution provides that only the prosecutor can file a criminal information. Ark. Const. amend 21, § 1. It necessarily follows that neither the trial judge nor the appellant has the authority to amend the information. That authority rests solely with the prosecutor.

■ The prosecutor in this case elected to charge Simpson for rape rather than incest. Rape as a Class Y felony carries with

it a more severe sentence and therein lies the problem, according to Simpson, who urges that a charge of incest, a Class C felony, was more appropriate for sexual abuse of descendants and should have been substituted in its stead. The evidence presented at trial undoubtedly would have supported a charge for either offense. Indeed, we have previously reviewed a prosecutor's decision to charge a defendant with both rape and incest for forcing his fourteen-year-old daughter to have sex with him on multiple occasions, and we affirmed the subsequent convictions for both offenses. *Massey* v. *State*, 278 Ark. 625, 648 S.W.2d 52 (1983). In short, the charge to be filed was a matter of prosecutorial discretion.

The United States Supreme Court has discussed the precise issue raised by the appellant:

> More importantly, there is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause. [Citing authority.] Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution, neither is he entitled to choose the penalty scheme under which he will be sentenced. [Citing authority.]

*United States* v. *Batchelder*, 442 U.S. 114, 125 (1979); *cited with approval Miller* v. *State*, 273 Ark. 508, 621 S.W.2d 482 (1981).

We agree with the Court in *Batchelder* that the decision of the charge to be filed rests with the prosecutor. The fact that the prosecutor in the case before us chose to file a Class Y felony against Simpson which carries with it a higher penalty does not, by itself, give rise to a constitutional infringement.

■ Finally, Simpson argues that the chancellor and probate judge who tried this case lacked subject matter jurisdiction to do so under our decision in *Lee* v. *McNeil*, 308 Ark. 114, 823 S.W.2d 837 (1992). Though Simpson failed to raise this issue to the trial court, subject matter jurisdiction may be raised before this court on its own motion. *Howard* v. *State*, 289 Ark. 587, 715 S.W.2d 440 (1986); *Coones* v. *State*, 280 Ark. 321, 657 S.W.2d 553 (1983).

■ Subject matter jurisdiction, however, is determined from the pleadings, and once a proper charge is filed in circuit court, that court may exercise jurisdiction over that subject matter. *Walker* v. *State*, 309 Ark. 23, 827 S.W.2d 637 (1992). Moreover, jurisdiction is granted to a particular position, that is, to a particular court, and not to the person who fills it. *Nation* v. *State*, 283 Ark. 250, 674 S.W.2d 939 (1984). Here, the Faulkner County Circuit Court clearly had jurisdiction over the two rape charges and the issue raised by Simpson concerns the authority of the individual who filled that position. As was the case in *Nation*, that issue relates to the authority of the sitting judge and not to the jurisdiction of the circuit court.

■■ The appellant's counsel as a practicing attorney in this state undoubtedly knew that the sitting judge was the elected chancellor/probate judge. Yet no objection was made to his status at any stage of the circuit court proceedings. We have held that a defendant loses his or her right to raise a disqualification of a judge due to bias for the first time on appeal if that defendant participates in the trial, knowing of the potential bias, without objection. *See, e.g., Dyas* v. *State*, 260 Ark. 303, 539 S.W.2d 251 (1976); *see also Waiver of Loss of Right to Disqualify Judge By Participation in Proceedings — Modern State Criminal Cases*, 27 ALR4th 597 (1984). Because this issue is not one of subject matter jurisdiction and because it was not raised before the trial judge, it was not preserved for appeal. *Withers* v. *State*, 308 Ark. 507, 825 S.W.2d 819 (1992) *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980). Accordingly, we will not consider it.

Affirmed.