Reginald JACKSON *v.* STATE of Arkansas

CR 93-1235                    871 S.W.2d 591

Supreme Court of Arkansas
Opinion delivered March 21, 1994

*Bill Luppen*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. This is an appeal from a conviction for aggravated robbery. The only issue is the sufficiency of the evidence. We affirm the trial court.

Reginald Jackson, appellant, was arrested for an aggravated robbery that occurred on January 30, 1993, at the automatic teller machine (ATM) of First Commercial Bank at Fillmore and Cantrell in Little Rock. A jury convicted Jackson of aggravated robbery and theft of property, imposing consecutive sentences of thirty-four years and ten years in the Department of Correction.

The victim testified Jackson had approached her from behind and grabbed her around the waist, ordering her to give him money

from the machine. As she was trying to get the money out Jackson showed her a knife and told her, "Don't mess up." She testified he continued to hold her around the waist as she worked with the machine and although she could not see it, she felt what she thought was the knife at her back. She positively identified Jackson as the robber.

On appeal the only argument is the sufficiency of the evidence for aggravated robbery as opposed to simple robbery. Jackson testified in his own defense, admitting the robbery and being in possession of a knife at the time of the incident, but maintaining that he did not use the knife in the robbery.

A challenge to the sufficiency of the evidence must be made by a directed verdict motion. A.R.Cr.P. 36.21(b). Defense counsel moved for a directed verdict at the end of the state's case, which was denied, but failed to renew the motion at the end of all the evidence as required by Rule 36.21. *Easter* v. *State*, 306 Ark. 452, 815 S.W.2d 924 (1991). Because appellant did not renew his directed verdict motion the issue is not preserved for appeal. *Henry* v. *State*, 309 Ark. 1, 828 S.W.2d 346 (1992).

Jackson argues however that his directed verdict motion was not waived. He concedes he did not renew the motion at the close of all the evidence but points out that he requested a jury instruction for the lesser included offense of simple robbery, which was granted. Jackson argues that this request "resuscitated" his directed verdict motion.

We view the argument as a request for a directed verdict by implication, for his reasoning is that if he requested an instruction for a lesser offense, implied in that request is the contention there was not sufficient evidence for the charge of aggravated robbery. Jackson cites two cases: *Eskew* v. *State*, 273 Ark. 490, 621 S.W.2d 221 (1991) and *Lee* v. *State*, 27 Ark. App. 198, 770 S.W.2d 148 (1989). Neither case is supportive. Rather, as to the issue of an implied motion for a directed verdict, our rules are settled. We have held that A.R.Cr.P. 36.21 is to be strictly construed. *Easter* v. *State, supra.* In accordance with such requirement we have indicated our unwillingness to consider challenges to the sufficiency of the evidence in a case in which the defense made, "the usual motions." *Middleton* v. *State*, 311 Ark. 307,

842 S.W. 2d 842 (1992). We stated in *Middleton* in declining to recognize that phrase as a proper directed verdict motion:

> A challenge to the sufficiency of the evidence, whenever it is made, requires a specific motion to apprise the trial court of the particular point raised; a general "usual motion" will not suffice. Rule 36.21(b) is strictly construed.

We decline to hold, as appellant would have us do, that a motion for a directed verdict may be made by implication. Only a specific motion that apprises the trial court of the particular action requested will be recognized. This is true of all motions and objections and we have consistently so held. *See* e.g. *Taylor* v. *State*, 299 Ark. 123, 771 S.W.2d 742 (1989).

Affirmed.

CORBIN, J., not participating.