Marcus CLAY *v.* STATE of Arkansas

CR 93-1230                                   886 S.W.2d 608

Supreme Court of Arkansas
Opinion delivered November 7, 1994

*Kearney Law Officers*, by: *John L. Kearney*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant Marcus Clay was charged with committing five sex offenses against five different victims at different locations over a one-year period. There was no allegation, and there was no proof at the preliminary hearing, that the five offenses were planned in advance as part of a single scheme. Appellant was seventeen years old when most of the crimes were committed and was eighteen years old when the case was tried. The victims were three to five years younger than he. The trial court ordered all five charges consolidated for trial and refused appellant's motion to sever. The ruling was in error. We reverse and remand for new trials.

Four informations containing five charges were filed against the appellant. The charges were as follows:

### Charges 1 and 2

On February 22, 1993, appellant was charged with two counts of rape by deviate sexual activity, committed against two different persons less than fourteen years of age. Count one of the

information alleged that he inserted his finger in the vagina of one twelve-year-old girl in September of 1992, and count two alleged that he inserted his finger in the vagina of another twelve-year-old girl in January of 1993.

## Charge 3

On March 5, 1993, appellant was charged with rape by forcible compulsion. It was alleged that he threw the victim to the ground and, by forcible compulsion, committed rape against her in May of 1992. The age of the victim was not pleaded, but it was not alleged that the victim was less than fourteen years of age.

## Charge 4

On May 2, 1993, appellant was charged with rape by forcible compulsion. It was alleged that he committed rape against the victim by force in September of 1992. It was alleged that the victim was fourteen years old.

## Charge 5

On August 10, 1993, appellant was charged with rape by deviate sexual activity. It was alleged that the victim was less than fourteen years of age and that on February 9, 1993, appellant inserted his finger in the victim's vagina and told her to hold his penis.

Rule 21 of the Arkansas Rules of Criminal Procedure provides for joinder of offenses, and Rule 22 provides for severance of offenses. Both rules closely track the American Bar Association Standards relating to joinder and severance and must be construed together. The Commentary to Article VI of the Arkansas Rules of Criminal Procedure explains:

> In concept and practice, joinder has traditionally enjoyed popularity among prosecutors, courts, and scholars in as much as it produces savings of time, money and effort.

> As pointed out by *Standards, Joinder and Severance*, "[s]everance, on the other hand, is typically sought on the ground that a unified disposition of several charges or several defendants would put those proceeded against at an

unfair disadvantage, due to confusion of law and evidence by the trier of fact and the 'smear' effect such confusion can produce." *Id.* at 1.

Rule 21.1, which provides the prosecutor with broad latitude to effect joinder of offenses, provides for joinder when the offenses "(a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." This joinder rule is much broader than the prior statutes, Ark. Stat. Ann. §§ 43-1009 & 43-1020 (Repl. 1964), and is designed to establish the outer boundaries of joinder of offenses. However, the liberal joinder rule is accompanied by a limiting severance rule that recognizes the grave risk of prejudice from joint disposition of unrelated charges and, accordingly, provides a defendant with an absolute right to a severance of offenses joined solely on the ground that they are of same or similar character. *See Commentary to Article VI.* The severance rule, Rule 22.2, provides in pertinent part:

> (a) Whenever two (2) or more offenses have been joined for trial solely on the ground that they are of the same or similar character and they are not part of a single scheme or plan, the defendant shall have a right to a severance of the offenses.

> (b) The court, on application of the . . . defendant other than under subsection (a), shall grant a severance of offenses:

> (i) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense. . . .

A.R.Cr.P. Rule 22.2(a)-(b)(i).

Prior to trial appellant argued that he had a right to severance since the offenses were joined solely because the crimes were of the same or similar character. The trial court agreed that the crimes were of the same or similar character, but denied the motion on the ground that the offenses also indicated a scheme, motive, propensity, and plan.

A single scheme or plan is discussed in the 1987 Unofficial

Supplementary Commentary to Rule 21.1 as follows:

> One who burglarizes an office on January 1 and a home on February 1 may be charged in the same information with both offenses, since they are "of similar character." He would be entitled to a severance under Rule 22.2(a), however, unless the offenses were part of a single scheme or plan or criminal episode. Even though roughly the same type of conduct might be argued to be involved in both burglaries, justifying joinder under Rule 21.1(b), the term "same conduct" in Rule 21.1(b) was probably intended to be read literally to refer to contemporaneous events and to permit joinder in a situation where, for example, a defendant robs three persons simultaneously.

In conformity with that commentary, in *Teas* v. *State*, 266 Ark. 572, 587 S.W.2d 28 (1979), we said that when an informer went to the home of the defendant and purchased some marijuana and a week later went back and purchased two morphine tablets from the same defendant, the evidence was insufficient to show that the sales were a part of a single scheme or plan on the part of the defendant within the meaning of Rule 22.2. We reversed and remanded the case for a severance of the offenses. In a concurring opinion Justice George Rose Smith wrote:

> Criminal Procedure Rule 22.2 gives the defendant an absolute right to a severance when two or more offenses have been joined for trial solely on the ground that they are of similar character, but they are not part of a single scheme. Here the two offenses, sales of drugs, are unquestionably similar; so the controlling question is whether they were committed as part of a "single scheme or plan."
>
> I think it plain that they were not so committed. The purpose of Rule 22.2 is to give effect to the principle that the State cannot bolster its case against the accused by proving that he has committed other similar offenses in the past. *Alford* v. *State*, 223 Ark. 330, 266 S.W.2d 804 (1954). There are exceptions to that principle, however, as when two or more crimes are part of the same transaction, *Harris* v. *State*, 239 Ark. 771, 394 S.W.2d 135 (1965), *cert. denied*, 386 U.S. 964 (1967), or when two or more offenses

have been planned in advance, as part of a single scheme. *Ford* v. *State*, 34 Ark. 649 (1879). The intent of Rule 22.2 must have been to carry into effect the spirit of those exceptions, by permitting the charges to be tried together when they are parts of a single scheme.

In drug cases the State cannot ordinarily prove that the accused sold drugs on one occasion by proving that he sold them on other occasions. *Rios* v. *State*, 262 Ark. 407, 557 S.W.2d 198 (1977); *Sweatt* v. *State*, 251 Ark. 650, 473 S.W.2d 913 (1971). Such proof of other sales, as we pointed out in *Sweatt*, would merely show that the accused had dealt in drugs before and hence was likely to do so again.

*Teas* v. *State*, 266 Ark. 572, 575, 587 S.W.2d 28, 30 (1979) (Smith, J., concurring).

The Commentary to Section 2.2(a) of the ABA Standards relating to Joinder and Severance, Approved Draft, provides:

The joinder together for one trial of two or more offenses of the same or similar character when the offenses are not part of a single scheme or plan has been subjected to severe criticism over the years. Generally, the test for whether joinder is proper involves weighing of the possible prejudice to the defendant from joinder against the public interest in avoiding duplicitous, time-consuming trials in which the same factual and legal issues must be litigated. *See United States* v. *Haim*, 218 F. Supp. 922 (S.D.N.Y. 1963); *United States* v. *Teemer*, 214 F. Supp. 952 (N.D.W.Va. 1963). On this score, joinder of offenses not part of a single scheme or plan is difficult to justify. "[S]ince the offenses on trial are distinct, trial of each is likely to require its own evidence and witnesses. The time spent where similar offenses are joined may not be as long as two trials, but the time saved by impanelling only one jury and by setting the defendant's background only once seems minimal." Note, 74 Yale L.J. 553, 560 (1965). Against this small gain from joinder, it has been observed: "We all know that, if you can pile up a number of charges against a man, it is quite often the case that the jury will convict, where, if they were listening to the evidence on one charge

only, they would find it wholly insufficient as to the degree of proof required." Maguire, *Proposed New Federal Rules of Criminal Procedure*, 23 Ore. L. Rev. 56, 58-59 (1943).

The same commentary also provides that two of the most compelling reasons for granting a severance of offenses *without a specific showing of prejudice* are:

(1) Undue limitations on the defendant's right to testify in his own behalf. Prejudice may develop when an accused wishes to testify on one or some, but not all, of joined offenses that are distinct in time, place, and evidence. If he testifies on one count, he runs the risk that any adverse effect will influence the jury's consideration of the other counts. Thus he bears the risk on both counts, although he may benefit on only one. Moreover, a defendant's silence on one count would be damaging in the face of his express denial of the other. Thus he may be coerced in testifying on the count upon which he wished to remain silent. *Cross v. United States*, 335 F.2d 987, 989 (D.C. Cir. 1964),

(2) Prejudice through introduction of evidence which fails to meet the other crimes test. If an accused is prosecuted on each charge separately, the evidence of the other crimes will not be admissible under the other crimes rule, Rule 404 (b). Thus, by joining unrelated offenses together for trial, a prosecutor might bring about the evil to be avoided by the general rule that the evidence of other crimes is not admissible: "The likelihood that juries will make . . . an improper inference." See Note, 74 Yale L.J. 553, 556-57 (1965); and *Drew* v. *United States*, 331 F.2d 85, 90 (D.C. Cir. 1964).

The State asks us to uphold the trial court's ruling as part of an exception to the general "other crimes" rule that we have carved out allowing the State to show that the accused has a "depraved sexual instinct." An analysis of our cases shows the exception does not go nearly as far as the State suggests.

The analysis of our cases on this subject begins with *Alford* v. *State*, 223 Ark. 330, 266 S.W.2d 804 (1954), in which we wrote:

Again, where the charge involves unnatural sexual acts proof of prior similar offenses has been received. *Hum-*

*mel* v. *State*, 210 Ark. 471, 196 S.W.2d 594; *Roach* v. *State*, 222 Ark. 738, 262 S.W.2d 647. Such evidence shows not that the accused is a criminal but that he has "a depraved sexual instinct," to quote Judge Parker's phrase in *Lovely* v. *United States*, 4th Cir., 169 F.2d 386.

*Id.* 223 Ark. at 335, 266 S.W.2d at 807.

We expanded this reasoning slightly in *Free* v. *State*, 293 Ark. 65, 732 S.W.2d 452 (1987), when we said, "However, we will allow such testimony to show similar acts with the same child or other children in the same household when it is helpful in showing 'a proclivity toward a specific act with a person or class of persons with whom the accused has an intimate relationship.'" *Id.* at 71, 732 S.W.2d at 455. Following this reasoning, we affirmed a trial court's ruling allowing into evidence proof of a prior similar conviction when a sixty-eight-year-old defendant was charged with the sexual abuse of a two-and-one-half-year-old girl. *George* v. *State*, 306 Ark. 360, 813 S.W.2d 792 (1991). In *Morgan* v. *State*, 308 Ark. 627, 826 S.W.2d 271 (1992), we affirmed allowing the testimony of other very young girls about the sixty-three-year-old male defendant's actions toward them. In *Lukach* v. *State*, 310 Ark. 119, 835 S.W.2d 852 (1992), the adult defendant committed the crime of rape against two of his nieces, ages seven and nine. All three lived in the same house, and the defendant committed both acts within a month and in a similar fashion. Citing *Morgan* and Rule 404(b), we said, "[A]s the facts necessary to prove these offenses would be required in both trials and as each of the girls' testimonies would be admissible in the trial of the other's rape to show appellant's intent, motive, or common scheme or plan, the trial court did not abuse its discretion in refusing to sever the two cases." *Id.* at 124, 835 S.W.2d at 854-55.

In *Simpson* v. *State*, 310 Ark. 493, 837 S.W.2d 475 (1992), the defendant committed the crime of rape against his two daughters, ages four and seven, in their home. Quite appropriately we quoted from *Free*, restating our position that such testimony would be allowed to show proclivity toward this behavior with persons with whom the defendant has an intimate relationship. *Id.* at 497, 837 S.W.2d at 477.

The facts in *Richardson* v. *State*, 314 Ark. 512, 863 S.W.2d 572 (1993), are so different from the facts of this case that the same principles of law are not applicable. The facts of that case are set out in that opinion as follows:

> In this case, appellant was charged with four counts of rape involving three victims. All of the alleged events occurred at appellant's home. Two of the victims J.L. and D.W. testified that they were at appellant's home at the same time when appellant told both victims to come into his bedroom where he performed oral sex on one victim while the other child performed anal sex on appellant. Each of these victims testified that appellant performed oral sex on them and J.L. testified that he also saw appellant perform oral sex on D.W. D.W. also testified that appellant performed anal sex on him on a different occasion. M.H. testified appellant asked him to come back in his bedroom while there were other boys in the house and appellant performed oral sex on M.H. As all this evidence would have been admissible at the trial of each charge to prove motive, intent or plan, it was not an abuse of the trial judge's discretion to deny severance.

*Id.* at 520, 863 S.W.2d at 577.

The unconnected crimes charged in this case do not involve the same child or other children in the same household, and they do not show that type of "depraved sexual instinct" evidenced by a sixty-year-old man who commits a sexual offense against a seven-year-old boy or girl. Here, a seventeen- or eighteen-year-old man was accused of committing five unconnected sexual assaults against five different girls from three to five years younger than he.

Equally as important, the consolidation of these five unconnected cases did not assist in showing intent or lack of mistake in each of the other charges. In two of the cases the charge was rape, and the proof in those cases showed that the appellant had sexual intercourse by force. The intent necessary for conviction in these cases was that the appellant "purposely" forced the victims to have sex with him. Ark. Code Ann. §§ 5-2-202 & 5-14-103 (Repl. 1993). However, three of the charges were quite dif-

ferent as they involved rape by deviate sexual activity with persons less than fourteen years of age. These are "strict liability" crimes. *See* Ark. Code Ann. Commentaries § 5-14-103(a)(3) (1989). In these cases the State does not have to prove that the accused "purposely" had sex with a person under fourteen years of age. A person who has sexual intercourse or deviate sexual activity with one less than fourteen years of age is guilty of the crime, regardless of how old he or she thought the victim was, and regardless of whether there was consent. There are affirmative defenses, but it is up to the defendant to prove them. The point is that because the definitions of the different crimes require different culpable mental states, joinder in the case at bar did not show an overall proof of intent.

In summary, the alleged offenses occurred over a twelve-month period, involve different charges, and were committed in different manners, against different victims, at different locations. They did not involve "similar acts with the same child or other children in the same household . . . showing 'a proclivity toward a specific act with a person or class of persons.'" *Free*, 293 Ark. at 71, 732 S.W.2d at 455. There was no allegation or proof that the five offenses were planned in advance as part of a single scheme. There was no allegation or proof these crimes were part of one criminal episode. Since these five crimes were of a similar character, but were not part of a single scheme or plan, the appellant had "a *right* to a severance of the offenses." A.R.Cr.P. Rule 22.2(a) (emphasis added). In addition, the culpable mental state required to be proved was different for some of the crimes. Both the severance rule and our cases mandate reversal and remand for new trials.

Appellant next argues that we should dismiss, rather than reverse and remand, because of insufficiency of the evidence of two of the five verdicts. In order to preserve a sufficiency of the evidence argument for appellate review, motions for directed verdict must be made at the close of the State's case-in-chief and again at the close of all evidence. *Jackson* v. *State*, 316 Ark. 405, 871 S.W.2d 591 (1994); *Middleton* v. *State*, 311 Ark. 307, 842 S.W.2d 434 (1992). A challenge to the sufficiency of the evidence, whenever it is made, requires a specific motion to apprise the trial court of the particular point raised. *Jackson*, 316 Ark. at 407, 871 S.W.2d at 592.

■ Appellant has failed to abstract any motion for directed verdict. Nonetheless, the State, in compliance with Ark. Sup. Ct. R. 4-3(h), has abstracted parts of the transcript where arguably the motions were raised and denied. Even though appellant may have interposed directed verdict motions, such motions lacked the specificity to preserve the issues on appeal.

At the close of the State's case, appellant's counsel stated that he would "like to move for directed verdict based on insufficient evidence to support a jury verdict." This motion was inadequate to preserve appellant's appeal since the motion was not specific enough to apprise the trial court whether appellant was challenging all the charges or only one, two, three, or four of them. *See Walker* v. *State*, CR 94-563 (Ark. October 3, 1994).

■ Additionally, at the close of all of the evidence, appellant again failed to articulate a specific motion for directed verdict, but instead, the record reflects that the defense renewed all its motions which had been denied earlier. This court has held that Rule 36.21 of the Arkansas Rules of Criminal Procedure is to be strictly construed, and, thus, an implied motion for directed verdict will not be accepted. *Jackson*, 316 Ark. at 406, 871 S.W.2d at 592 (1994).

■ Appellant next argues that the trial court erred in denying his motion to suppress his confession. We dispose of the argument in a summary fashion. There were contradictions in the testimony on this issue, and the trial court is not required to believe any witness's testimony, especially that of the accused, since he is the person most interested in the outcome of the motion. *Smith* v. *State*, 286 Ark. 247, 691 S.W.2d 154 (1985). Based on the totality of the circumstances, we cannot hold that the trial judge erred in refusing to suppress appellant's confession.

Appellant's other points of appeal are not likely to arise again upon retrial, and we do not address them.

Reversed and remanded.

GLAZE and CORBIN, JJ., dissent.

TOM GLAZE, Justice, dissenting. The majority opinion fails to point out that this court's case law, concerning when severance

of offenses should be granted, has held that the testimony of other rape victims is relevant in a criminal trial for the rape of two underage girls to show *motive, intent or plan under Ark. R. Evid. 404(b). Simpson* v. *State*, 310 Ark. 493, 837 S.W.2d 475 (1992); *Richardson* v. *State*, 314 Ark. 512, 863 S.W.2d 572 (1993); *Lukach* v. *State*, 310 Ark. 119, 835 S.W.2d 852 (1992). As discussed in *Lukach*, the court stated that, where the facts necessary to prove the offenses would almost all be required in each trial if severance were granted and the evidence would be used in both trials to prove a *plan, scheme, motive or state of mind*, there is no abuse of discretion in refusing to sever the cases. The majority ignores the rule announced in these cases, and instead, it burrows in on the narrower language employed by this court's A.R.Cr.P. Rule 22.2(a), which provides that a defendant shall have a right to a severance of offenses with which he or she is charged when those offenses are of the "same or similar character *and are not part of a single scheme or plan*." In sum, case law offers reasons why the factors listed in Ark. R. Evid. 404(b) should be considered when a trial court grants or denies a severance of offenses, and under the existing case law, the trial court is not limited to the factors of "single scheme or plan" set out in A.R.Cr.P. Rule 22.2(a).

Without mentioning the broader legal standard permitted trial courts under Rule 404(b) when ruling on severance issues, the majority makes a valiant effort to distinguish factually the cases of *Simpson, Richardson* and *Lukach* from the situation presented in the present case. The majority seems to suggest such sex abuse offenses can be joined only when the offenses occur in the same household, but the opinion never clearly says why. Because the factual pattern, scheme, plan, motive or intent in sex abuse offense cases are never developed or manifested in quite the same way, I submit the "same household" factual distinction mentioned in the majority opinion begs the question.

Under the *Simpson, Richardson* and *Lukach* principle and rationale, the trial court has broader discretion and a wider range of situations to consider than what the majority wishes to acknowledge by its "same household" holding. An analysis of the evidence presented the trial judge in the present case graphically explains why his ruling was proper under the factors set out in Rule 404(b).

At trial, Clay claimed he was entitled to severance under A.R.Cr.P. Rule 22.2(a) because the state joined his five sex abuse cases for trial based solely on the ground that these offenses were of the same or similar character, and the offenses were not shown to have been a part of a "single scheme or plan." In rejecting Clay's pretrial motion, the trial court found that the five offenses were not only similar, but also the offenses, occurring over a nine-month period, involved young female children who had interrelated relationships or friendships with one another.

At trial, Clay's cross-examination of the five girls was directed at establishing either that he was elsewhere when the offense occurred, that the girls gathered and agreed to bring sexual allegations against Clay or that the girls were permissive. In short, Clay's defense was that he never had sex, or at least involuntary sex, with any of the five girls. To the contrary, each girl testified Clay's sexual advances were the results of his having arranged an unplanned or unscheduled visit with the victim, and his violation or penetration of each was combined either with force or fear and intimidation.[1] Also, as mentioned above, the state's evidence showed Clay's propensity was to prey on young girls who had common relationships or friendships. The trial judge evaluated this evidence and ruled it showed scheme, motive, propensity and plan. In my view, the judge did not abuse his discretion in reaching such a decision.

I would also mention that A.R.Cr.P. Rule 22(b) provides that, if a defendant's pretrial motion for severance is overruled, he may renew the motion on the same grounds before or at the close of all the evidence and that severance is waived by failure to renew the motion. Here, Clay renewed his severance motion, but failed to abstract it. For this reason, too, the trial court should be affirmed.

In conclusion, I would concede that, in deciding the severance issue on its merits, the trial court's ruling would be more difficult to sustain if limited to the terms and factors in A.R.Cr.P. Rule 22.2(a). Nonetheless, this court has not restricted itself to those factors as is made plain in *Simpson, Richardson* and *Lukach*.

---

[1] One victim did testify that she arranged to see Clay on the day the offense was alleged to have occurred, but also stated he raped her by use of force.

This court should either overrule or follow them. The majority opinion does neither. Instead, it ignores the different or broader principle those cases set out than what is called for in Rule 22.2(a). In following those cases, I would affirm the trial court.

CORBIN, J., joins this dissent.