Paul Ray DUPREE *v.* STATE of Arkansas

CA CR 94-1126                                              906 S.W.2d 315

Court of Appeals of Arkansas
Division II
Opinion delivered September 27, 1995

*Daniel D. Becker* and *Terri L. Harris*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in a jury trial of second degree criminal mischief. He was sentenced

to six years in the Arkansas Department of Correction and fined $1,000.00. He was also convicted of driving while intoxicated, reckless driving, driving without a license, driving without proper insurance and refusal to submit to a chemical test with the sentences for these convictions to run concurrently with the criminal mischief sentence. On appeal, he argues that the trial court erred in denying his motion for a directed verdict on the charge of refusal to submit to a chemical test and that the trial court committed reversible error in admitting into evidence an Arkansas Traffic Violation Report. We affirm.

■■ In order to question the sufficiency of the evidence on appeal, where there has been a jury trial, the appellant must move for a directed verdict at the close of the evidence presented by the State and at the close of all the evidence. Ark. R. Crim. P. 36.21(b). A motion for a directed verdict must be specific enough to apprise the trial court of the particular basis on which the motion is made. *Clay* v. *State*, 318 Ark. 550, 886 S.W.2d 608 (1994); *Walker* v. *State*, 318 Ark. 107, 883 S.W.2d 831 (1994). A general motion for a directed verdict which does not specify the grounds for the motion is insufficient to preserve a specific argument for appellate review. *Walker v. State, supra.*

Here, the appellant made only a general motion for a directed verdict at the close of the State's case and renewed all previous motions at the end of the case. The appellant's motion failed to state the specific grounds on which it was made, and furthermore failed to specify which of the charges he was challenging. Consequently, the appellant's argument is not preserved for appellate review.

In his second argument, the appellant contends that the trial court erred in admitting into evidence State's Exhibit No. 3, a copy of an Arkansas Traffic Violation Report. This exhibit was offered on behalf of the State to support the charge of driving without a driver's license. The first page of the exhibit indicates that the appellant was issued an identification card instead of a valid operator's license. The second page of the exhibit is a certification by the Manager of the Driver Control Section of the Department of Finance and Administration that the first page was a true and correct copy of a record from the Office of Driver Control. Following the certification is an acknowledgment by a notary

public that the manager of the driver control section personally appeared before her and executed the certification.

The appellant contends that the exhibit was not properly authenticated because the signature attesting to the authenticity of the document was a stamp purporting to be the signature of the manager of the driver control section rather than a handwritten signature. The appellant concedes that this type of document is generally admissible under Arkansas Rule of Evidence 902 as a self-authenticating document. However, he asserts that this exhibit does not comply with Rule 902 because the signature was not handwritten.

Rule 902(4) provides that the following documents are self-authenticating:

> Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in the public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by a certificate complying with paragraph (1), (2), or (3), or complying with any law of the United States or of this State.

There is nothing in the rule which mandates that the certification contain a handwritten signature. The appellant has not cited to us any authority in support of this argument. Moreover, printing, typing, or stamping a name in the place where a signature should appear is sufficient if it is intended as a signature. *Ragge v. Bryan*, 249 Ark. 164, 458 S.W.2d 403 (1970). Thus, we find that the trial court did not err in admitting the exhibit as a self-authenticating document.

Affirmed.

MAYFIELD and ROGERS, JJ., agree.