James Al WHITE *v.* STATE of Arkansas

CR 06-1187 259 S.W.3d 410

Supreme Court of Arkansas
Opinion delivered June 21, 2007

Appellant, pro se.

*Dustin McDaniel*, Att'y Gen., by: *Farhan Khan*, Ass't Att'y Gen., for appellee.

Jim Hannah, Chief Justice. James Al White was convicted of rape, fourth-degree sexual assault, and exposing another person to Human Immuno-Deficiency Virus (HIV). He was sentenced to life plus 432 months. White's counsel on appeal has filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4-3(j)(1), asserting there is no merit to any arguments arising from any adverse circuit court rulings. White was provided an opportunity to review the no-merit brief and has filed a pro se brief alleging points of error. We address all the issues raised by White's counsel as well as the issues White raised in his pro se brief. Because White was sentenced to life in prison, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(2) (2005). We affirm.

*Facts*

The State alleged and the jury found that in early 2004 White engaged in vaginal–penile sexual intercourse with his girl-friend's fifteen–year-old daughter, T.H., and T.H.'s friend, fifteen–year-old K.J. The jury further found that White was aware that he was HIV infected at the time, and that he did not inform K.J.[1] The jury also found that White was T.H.'s guardian as that term is defined in the criminal code. Prior to the crimes alleged, White had characterized his relationship to T.H. as that of father and daughter, and he had attended functions such as parent-teacher conferences as T.H.'s guardian. T.H. testified that she thought of White as her stepfather. White was her mother's boyfriend and moved into T.H.'s home in 1999.

T.H. testified that the sexual relationship with White began in 2001, and that by early 2004, White was having sexual inter-course with her two to three times a week. According to T.H., in early 2004, White instructed her to ask her friend K.J. if she would have sex with him. K.J. testified that T.H. approached her at school, asked to come stay at her house, and asked whether she liked "older guys." T.H. testified that K.J. came to stay overnight, and that White asked T.H. and K.J. if they wanted to "make some money." According to K.J., White requested that each change into long T–shirts and wear no other clothing. Both T.H. and K.J. testified that they changed clothes as requested and went to White's bedroom where they were requested to perform oral sex on him. Both testified that they refused. According to T.H. and K.J., White had vaginal–penile sex with each of them.

T.H. testified that K.J. began to talk at school about the sexual encounter she and T.H. had with White. T.H. testified that when confronted at school by her counselor, she initially denied the events involving K.J., White, and her because she was scared. She stated that "[h]e used to threaten us all the time telling us he was going to kill us." When asked whether White had said anything about what might happen if she told about the sexual contact, T.H. testified that, "[h]e always used to tell us that he'll kill us, or he'll burn the house down. He would kill our whole family and stuff like that."

---

[1] White was not charged with exposing T.H. to Human Immuno-Deficiency virus.

*Sufficiency of the Evidence*

White moved to dismiss for insufficiency of the evidence at the close of the State's case, at the close of his case, and at the close of all the evidence. Each time his motion was summarily denied. He alleged at trial that there was a lack of sufficient evidence regarding rape, specifically that the State failed to prove his status as guardian of T.H. He also alleged that there was insufficient evidence on the charge of sexual assault in the fourth degree, and that there was insufficient evidence on the charge of exposing another person to Human Immunodeficiency Virus because he used a condom and did not expose K.J. to HIV.

The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Pratt v. State*, 359 Ark. 16, 194 S.W.3d 183 (2004). Substantial evidence is evidence forceful enough to compel the fact-finder to make a conclusion one way or the other beyond suspicion or conjecture. *Id.* When determining the sufficiency of the evidence, we view the evidence in the light most favorable to the State, and we will only consider the evidence that supports the verdict. *Id.*

A. *Rape*

To prove rape under the charge in this case, the State had to prove that White had sexual intercourse with T.H., that T.H. was less than eighteen years of age, and that White was her guardian. *See* Ark. Code Ann. § 5-14-103(a)(4)(A)(i) (Repl. 2006). The State alleged that White was T.H.'s guardian as that term is defined in the criminal code because White by virtue of a living arrangement was in an apparent position of power or authority over T.H. *See* Ark. Code Ann. § 5-14-101(3) (Repl. 2006).

Sufficient evidence was offered to compel the fact-finder to make a conclusion one way or the other beyond suspicion or conjecture that White stood in the position of guardian under the criminal code, that he had sexual intercourse with her, and that she was fifteen at the time. T.H. testified to these facts. Evidence of White's characterization of T.H. as his daughter was also offered to show that White stood in the position of guardian as defined under the criminal code. There was substantial evidence offered to support the rape conviction.

B. *Sexual Assault in the Fourth Degree*

To prove sexual assault in the fourth degree in this case, the State had to prove that White was at least twenty years

old, that K.J. was less than sixteen years old, and that White engaged in sexual intercourse with K.J. *See* Ark. Code Ann. § 5-14-127(a)(1) (Repl. 2006). K.J. testified that White engaged in vaginal-penile sexual intercourse with her, and that she was under the age of sixteen. T.H. also testified to the sexual intercourse between White and K.J. Further, evidence was offered to show that White was at least twenty years old. There was substantial evidence offered to support the conviction of sexual assault in the fourth degree.

## C. *Credibility*

■ In his directed-verdict motions, White challenged the evidence generally by asserting that the victims' testimony was not believable. He further alleged that the victims' testimony was inconsistent and contradictory to their earlier statements with respect to both rape and sexual assault in the fourth degree. The credibility of witnesses is an issue for the jury and not this court. *Jackson v. State*, 363 Ark. 311, 214 S.W.3d 232 (2005). The jury is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Williams v. State*, 351 Ark. 215, 91 S.W.3d 54 (2002). The testimony of both T.H. & K.J. established the essential facts that White engaged in penile-vaginal intercourse with T.H. & K.J., and that they were both fifteen at the time.

## D. *Exposing Another to Human Immunodeficiency Virus*

■ To prove the charge of exposing another to Human Immunodeficiency Virus, the State had to prove that White knew he had tested positive for HIV and that he exposed another by sexual penetration without having first informed the other person of the presence of HIV. *See* Ark. Code Ann. § 5-14-123(b) (Repl. 2006). Relevant to this case, sexual penetration under this code section means sexual intercourse. Ark. Code Ann. § 5-14-123(c)(1) (Repl. 2006). K.J. testified that she was fifteen at the time of the offense, that White sexually penetrated her by having "vaginal sex," and that she later learned from police that he was HIV positive. There was substantial evidence offered to support the conviction of exposing another person to HIV.

### Severance of the HIV Charge

■ White moved before trial to sever the charge of exposing another to HIV from the other charges because exposing another to HIV is the "modern day scarlet letter," an allegation

and disease so inflammatory that the charge had to be severed. The motion was summarily denied. Pursuant to Ark. R. Crim. P. 22.2(a), where "two (2) or more offenses have been joined for trial solely on the ground that they are of the same or similar character and they are not part of a single scheme or plan, the defendant shall have a right to a severance of the offenses." We will affirm a trial court's denial of a motion to sever if the offenses at issue were part of a single scheme or plan or if the same body of evidence would be offered to prove each offense. *Garner v. State*, 355 Ark. 82, 131 S.W.3d 734 (2003). K.J. was exposed to HIV while White was committing sexual assault in the fourth degree. The act was part of a single scheme, and the same evidence was offered to prove both crimes. On that basis, the motion was properly denied. However, White alleges that fairness required severance. Ark. R. Crim. P. 22.2(b)(i) does allow for severance where before trial "it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offence." Because the crime of exposing another to HIV occurred in the course of the crime of fourth-degree sexual assault, under Rule 22.2(b)(i), the decision to sever offenses was discretionary with the trial court. There was no abuse of discretion in denying the motion to sever.

## Disclosure of White's HIV Status

White filed a motion in limine to exclude testimony by nurse practitioner Drexel Jordan that White tested positive for HIV three years prior to the trial. Jordan was under subpoena and ordered to testify about White's HIV status as allowed under Ark. Code Ann. § 20-15-905 (Repl. 2005). White argues that the federal Health Insurance Portability and Accountability Act of 1996 (HIPAA) precluded the disclosure by his health care provider. Specifically, he argues that although the witness may be subpoenaed under statute, the statutes do not provide that the information may be disclosed over defense objections. The purpose of HIPAA is to increase privacy surrounding medical records; however, HIPAA at 42 U.S.C. § 1320d-7(b) (1998), provides that nothing within the Act is to be construed to limit a state's authority to investigate crimes. Regulations implementing HIPAA further reinforce the conclusion that there was no error in allowing Jordan to testify as he did. At 45 C.F.R. § 164.512(f) (2006), the regulations provide for disclosure for law enforcement purposes, including disclosure pursuant to process as required by law. Certainly the

trial of a person accused of rape is a legal process qualifying for disclosure. What is at issue in the present case is alleged criminal conduct.

Further, Ark. Code Ann. § 20-15-905 (Repl. 2005) permits the prosecuting attorney to subpoena information to enforce Ark. Code Ann. § 5-14-123 (exposing another to Human Immunodeficiency Virus), the crime charged, but limits disclosure to "the courts to enforce this section." Use of the information in this case was limited to use in the courts to enforce the code section as required. There was no error in admitting Jordan's testimony on White's HIV status.

### Motion for Continuance

White moved on the day of trial for a continuance to have time to locate school counselor Wanda Keith, who White asserted would testify that when confronted in her office about the events giving rise to White's prosecution, T.H. denied that they had taken place. White argued that Keith had actively avoided service of process and that her testimony was needed in the cross-examination of T.H. The trial court denied the motion, finding Keith was not a necessary witness because T.H. admitted that when confronted by Keith she denied the events. To prevail in arguing for reversal on denial of a motion for a continuance, a criminal defendant must show prejudice that amounts to a denial of justice. *Stenhouse v. State*, 362 Ark. 480, 209 S.W.3d 352 (2005). Here, White failed to show that Keith's testimony was anything but cumulative. This conclusion is reinforced by counsel's argument at trial that Keith was needed in the event that T.H. backtracked on her admission that she initially denied the events took place. It was not asserted that Keith would offer any testimony distinct from that offered by T.H., and there was nothing to stop counsel from raising the issue again at trial if T.H had recanted. "The omission of cumulative evidence does not deprive the defense of vital evidence." *Simpson v. State*, 355 Ark. 294, 300, 138 S.W.3d 671, 674 (2003). There was no error in denying the motion for continuance.

### Redaction of Portion of Telephone Conversation

White moved before trial for redaction of a statement in transcripts of his in-jail telephone calls to T.H's mother Donna Neasley. On the phone, White stated that "[w]hen I told you that

the last time, I came back home, didn't I?" This statement White complains of was part of the following statement and should be considered in context. "Well, that's what I'm trying to do, and if you work with me, you'll see what I'm saying. There's nothing going to happen. When I told you that the last time and I came back home, didn't I?" White argued evidence of what he said in this statement was inadmissible under Ark. R. Evid. 404(b) as a reference to a prior trial of White for rape of T.H. that resulted in a mistrial and no retrial. The circuit court concluded: "I can't see how anyone could take this as an allegation of any previous allegations against him." The circuit court ruled in essence that there was no Rule 404(b) issue because the statement to be redacted would not cause the jury to be aware that there was an alleged prior similar crime. We agree. There was no abuse of discretion.

### Reference to Oral Sex

Both T.H. and K.J. testified that when they entered White's bedroom, he requested that they perform oral sex on him. White argued that reference to his request for oral sex would be "improper" and that the testimony should be limited to the acts underlying the charges, which were "vaginal, penile sex." The testimony of T.H. and K.J. showed that they entered the bedroom, that the request for oral sex was immediately made, and that vaginal-penile sex immediately followed. The sequence of events was such an inseparable whole that the State was entitled to show all that occurred from the moment that T.H. and K.J. entered the bedroom up to and including the sexual intercourse White had with T.H. and K.J. See *Thessing v. State*, 365 Ark. 384, 230 S.W.3d 526 (2006). There was no abuse of discretion.

### Other Sexual Contact with T.H.

White moved before trial to exclude any evidence of other sexual acts with T.H. than those charged. The motion was denied. Under this court's case law, evidence of similar acts with the same or other children is admissible. *Swift v. State*, 363 Ark. 496, 216 S.W.2d 619 (2005). White alleged that the evidence was inadmissible under Ark. R. Evid. 404(b). T.H. testified at trial that in early 2004 White was having sex with her two to three times a week. These prior acts are similar acts with the same child and are admissible. There was no abuse of discretion.

## Limiting Instruction

 White alleges that the trial court erred in failing to give a limiting instruction under Rule 404(b) when evidence of prior sexual conduct with T.H. was admitted. When an appellant contends that the failure to give a cautionary or limiting instruction at trial constitutes reversible error, the failure to request the instruction precludes reversal based on that claim. *Kennedy v. State*, 344 Ark. 433, 42 S.W.3d 407 (2001). White did not request a limiting instruction at trial and is precluded from raising the issue on appeal. Issues may not be raised for the first time on appeal. *Ramaker v. State*, 345 Ark. 225, 46 S.W.3d 519 (2001).

## Ark. Sup. Ct. R. 4-3(h)

Pursuant to Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no prejudicial error has been found.