2011 Ark. 111

**Walter Gabriel TURNER, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 10–420.**

Supreme Court of Arkansas.

March 17, 2011.

 

Terrance Cain and Morris and Associates, P.A., by: Jimmy C. Morris, Jr., Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: John T. Adams, Ass't Att'y Gen., Little Rock, for appellee.

**JIM HANNAH, Chief Justice.**

Walter Gabriel Turner appeals his convictions for possession of cocaine with intent to deliver, possession of marijuana with intent to deliver, possession of a schedule one stimulant with intent to deliver, simultaneous possession of drugs and firearms, and three counts of delivery of cocaine. He was charged as a habitual offender and sentenced to five life terms plus terms of sixty and twenty years' imprisonment. The sentences were ordered to run consecutively.

On appeal, Turner asserts that the circuit court erred in denying his motions to sever the cocaine delivery charges. Citing *Graham v. Florida*, —— U.S. ——, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), he also asserts on appeal that imposition of five life terms plus eighty years, all to be served consecutively, "for nonhomocide offense, does not comport with the evolving standards of decency that mark the progress of a maturing society." Because this is a criminal appeal in which a sentence of life imprisonment has been imposed, this court has jurisdiction pursuant to Arkansas Supreme Court Rule 1–2(a)(2) (2010). We reverse and remand.

Turner first asserts that the circuit court erred in denying his motion to sever the cocaine-delivery charges. Turner moved to sever the charges before trial, on the day of trial before the jury was selected and sworn, at the close of the State's case, and again at the close of his case. The circuit court denied the motion each time it was made.

Turner was accused of three counts of delivery of cocaine that occurred on September 19, 2007, September 26, 2007, and October 9, 2007. All of the other offenses Turner was accused of committing resulted from a search carried out on April 19, 2009, as part of the completion of a major FBI undercover operation in the area that had taken place over "many, many months."

At a pretrial hearing on August 6, 2009, the circuit court ordered that all pretrial motions be filed by September 30, 2009.[1] Subsequently, at a November 5,

---

1. We note that the motion cutoff date set by the circuit court conflicted with Arkansas Rule of Criminal Procedure 22.2 with respect to the motion to sever. While circuit courts hold the inherent power to invoke orders necessary to the orderly handling of matters before them (*Weaver v. State*, 296 Ark. 152, 154, 752 S.W.2d 750, 752 (1988) (noting abolition of Arkansas Rule of Civil Procedure that permitted local rules)), they may not impose local orders that conflict with this court's rules. *See In re Changes to the Arkansas Rules of Civil Procedure*, 294 Ark. 664, 742 S.W.2d 551 (1987). We are also troubled that under the motion cutoff date set by the circuit court, it appears the State was permitted to amend the criminal information but Turner was preclud-

2009 pretrial hearing, defense counsel apologized to the circuit court for filing the motion to sever after the pretrial motion cutoff date, but argued that it did not matter because under Arkansas Rule of Criminal Procedure 22.2, a motion to sever is timely if brought prior to trial. He further argued that a severance motion was timely, "all the way up to the close of the State's evidence." Finally, defense counsel argued that if there were consequences for failing to meet the motion cutoff date, they were limited to sanctions against the attorney, and he suggested that he be held in contempt. The circuit court declined and denied the motion to sever based on the failure to comply with the motion cutoff date and because all the offenses were committed as part of a single scheme or plan. Thus, at the November 5, 2009 pretrial hearing, the circuit court denied the motion to sever based on timeliness and on the merits.

However, the circuit court heard the motion to sever anew on the first day of trial. At that time, the State argued solely that the facts would prove a single scheme or plan. Timeliness was not mentioned or argued and was thus abandoned by the State. The circuit court denied the motion, "given the statement of what the State intends to prove," but stated it would wait to see whether "the State's made the connection that it claims it will make." It was only at the close of the State's case that the circuit court made its decision on the motion to sever. Again, the only issue argued was single scheme or plan, and the motion was denied on that basis. Timeliness was not a basis for the decision on the motion to sever and is not an issue on appeal.

■ The decision of whether to grant a defendant's motion for severance of two or more offenses lies within the circuit court's discretion, and this court will not reverse that decision absent an abuse of discretion. *Dillard v. State*, 333 Ark. 418, 423, 971 S.W.2d 764, 766 (1998) (citing *Passley v. State*, 323 Ark. 301, 915 S.W.2d 248 (1996)).

■ We now consider Turner's argument that the circuit court erred in finding that the charges filed against him constituted a single scheme or plan. The charges alleged against Turner occurred in two separate time periods. One set of charges stemmed from events that allegedly occurred in 2007, while the other set of charges was based on events that allegedly occurred in 2009.

In discussing joinder of offenses and severance of offenses in *Clay v. State*, 318 Ark. 550, 886 S.W.2d 608 (1994), this court stated as follows:

> Rule 21 of the Arkansas Rules of Criminal Procedure provides for joinder of offenses, and Rule 22 provides for severance of offenses. Both rules closely track the American Bar Association Standards relating to joinder and severance and must be construed together. The Commentary to Article VI of the Arkansas Rules of Criminal Procedure explains:
>
> > In concept and practice, joinder has traditionally enjoyed popularity among prosecutors, courts, and scholars in as much as it produces savings of time, money and effort.
>
> As pointed out by *Standards, Joinder and Severance*, "[s]everance, on the other hand, is typically sought on the ground that a unified disposition of several charges or several defendants would put those proceeded against at an unfair disadvantage, due to confusion of law and evidence by the trier of fact and

ed from filing any motion in response to the

amended information.

the 'smear' effect such confusion can produce." *Id.* at 1.

Rule 21.1, which provides the prosecutor with broad latitude to effect joinder of offenses, provides for joinder when the offenses "(a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." This joinder rule is much broader than the prior statutes, Ark. Stat. Ann. §§ 43–1009 & 43–1020 (Repl.1964), and is designed to establish the outer boundaries of joinder of offenses. However, the liberal joinder rule is accompanied by a limiting severance rule that recognizes the grave risk of prejudice from joint disposition of unrelated charges and, accordingly, provides a defendant with an absolute right to a severance of offenses joined solely on the ground that they are of same or similar character. *See Commentary to Article VI.* The severance rule, Rule 22.2, provides in pertinent part:

> (a) Whenever two (2) or more offenses have been joined for trial solely on the ground that they are of the same or similar character and they are not part of a single scheme or plan, the defendant shall have a right to a severance of the offenses.
>
> (b) The court, on application of the ... defendant other than under subsection
>
> (a), shall grant a severance of offenses:
>
> (i) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense.

[Ark.R.Cr.P.] Rule 22.2(a)-(b)(i).

*Clay,* 318 Ark. at 552–53, 886 S.W.2d at 610.

Under Rule 22.1, offenses may be joined, but under Rule 22.2 a defendant has an absolute right "to severance of offenses joined solely on the ground that they are of the same or similar character." *Campbell v. State,* 2009 Ark. 540, at 9, 354 S.W.3d 41, 47. Turner argues that all of the charged offenses did not arise from a single scheme or plan. The State argues to the contrary—that all the charges did arise from a single scheme or plan. At trial, the State argued that the case against Turner arose from a scheme of drug possession and sales that began in 2007. However, the facts arise from two distinct time periods—2007 and 2009.

With respect to 2007, the State told the jury that they would be presented with evidence that undercover informant Rachel Cole made three controlled buys from Turner, first at a house on Magnolia Street, and then at a house on Green Street. With respect to 2009, the jury was told that Turner was arrested as part of a large undercover operation. The State referred to the 2009 events as the "the main case we're trying today," which was a reference to the charges arising from conduct alleged to have occurred in 2009. It is readily apparent that the State itself distinguished the events occurring in 2007 and those occurring in 2009. Although the offenses alleged were similar in character, they were alleged to have occurred many months apart and to have involved different buyers.

■ In determining whether there was a single scheme or plan, several factors must be considered in the present case. First, the "same body of evidence would be offered to prove each offense" that is alleged to make up the single scheme or plan. *White v. State,* 370 Ark. 284, 291, 259 S.W.3d 410, 415 (2007). Second, to be a single scheme or plan, the offenses must

arise from the same conduct or be a "series of acts connected together." *Holsombach v. State,* 368 Ark. 415, 426, 246 S.W.3d 871, 879 (2007). Third, closeness in proximity and time are considered. *See Garner v. State,* 355 Ark. 82, 94, 131 S.W.3d 734, 742 (2003). In the case before us, separate evidence was offered to prove the charges in 2007 than was offered to prove the charges in 2009. No evidence was offered to show that the offenses alleged to have occurred in 2009 arose from the same conduct as the charges in 2007, or that they were a series of acts connected together. Further, the charges were not a series of acts connected to a single scheme or plan, as evidenced by the State's decision to charge Turner separately for each act. Finally, there is no closeness in time. The two separate sets of alleged offenses occurred almost one and one-half years apart.

▋ |₇Thus, it is clear that no single scheme or plan was shown. Therefore, potential prejudice to Turner must be considered as we discussed in *Clay:*

> Criminal Procedure Rule 22.2 gives the defendant an absolute right to a severance when two or more offenses have been joined for trial solely on the ground that they are of similar character, but they are not part of a single scheme. Here the two offenses, sales of drugs, are unquestionably similar; so the controlling question is whether they were committed as part of a "single scheme or plan."
>
> I think it plain that they were not so committed. The purpose of Rule 22.2 is to give effect to the principle that the State cannot bolster its case against the accused by proving that he has committed other similar offenses in the past. *Alford v. State,* 223 Ark. 330, 266 S.W.2d 804 (1954). There are exceptions to that principle, however, as when two or more crimes are part of the same transaction, *Harris v. State,* 239 Ark. 771, 394 S.W.2d 135 (1965), *cert. denied,* 386 U.S. 964, 87 S.Ct. 1043, 18 L.Ed.2d 114 (1967), or when two or more offenses have been planned in advance, as part of a single scheme. *Ford v. State,* 34 Ark. 649 (1879). The intent of Rule 22.2 must have been to carry into effect the spirit of those exceptions, by permitting the charges to be tried together when they are parts of a single scheme.
>
> In drug cases the State cannot ordinarily prove that the accused sold drugs on one occasion by proving that he sold them on other occasions. *Rios v. State,* 262 Ark. 407, 557 S.W.2d 198 (1977); *Sweatt v. State,* 251 Ark. 650, 473 S.W.2d 913 (1971). Such proof of other sales, as we pointed out in *Sweatt,* would merely show that the accused had dealt in drugs before and hence was likely to do so again.

*Clay,* 318 Ark. at 554–55, 886 S.W.2d at 611 (quoting *Teas v. State,* 266 Ark. 572, 575, 587 S.W.2d 28, 30 (1979) (Smith J., concurring)). Joinder was not proper in this case because the offenses were committed at different times, were not part of the same transactions or plans, involved different witnesses, and because the primary effect of joinder was to bolster the State's case by proving that he committed other similar offenses in the past. The record is devoid of any evidence that the 2009 offenses were planned in 2007 or were a part of the 2007 offenses. Therefore, the circuit court abused its discretion when it denied the motion |₈to sever the delivery charges. *See, e.g., Bunn v. State,* 320 Ark. 516, 524, 898 S.W.2d 450, 454–55 (1995). This case is reversed and remanded for consideration consistent with this opinion. Because this case is reversed and remanded, Turner's remaining issues regarding the constitutionality of the punish-

ment imposed are moot. We do not address moot issues. *Harrison v. State*, 371 Ark. 474, 268 S.W.3d 324 (2007).

Because the circuit court erred in denying the motion to sever, we reverse and remand. Pursuant to Arkansas Supreme Court Rule 4–3(i), the record in this case has been reviewed for all other objections, motions, and requests by either party, which were decided adversely to Appellant, and no further prejudicial error was found.