Cite as 2019 Ark. App. 481

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-19-239

| | |
|---|---|
| | **Opinion Delivered** October 23, 2019 |
| ALEX RANKIN | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| APPELLANT | [NO. 16JCR-17-995] |
| V. | HONORABLE PAMELA HONEYCUTT, JUDGE |
| STATE OF ARKANSAS | AFFIRMED |
| APPELLEE | |

## LARRY D. VAUGHT, Judge

Alex Rankin was charged with committing a terroristic act and first-degree murder. Rankin filed a motion to sever the charges, which was denied by the Craighead County Circuit Court. A jury found Rankin guilty of first-degree murder and sentenced him to twenty-five years' imprisonment. The jury acquitted Rankin of the terroristic-act charge. After the circuit court entered a sentencing order, Rankin appealed, arguing that the court abused its discretion in denying his motion to sever. We affirm.

At the pretrial hearing on Rankin's motion to sever the charges, the State argued that joinder of the charges for committing a terroristic act and first-degree murder was proper because they constituted a single scheme or plan. More specifically, the State contended that

on the evening of July 6, Rankin's girlfriend and Dewayne Manning[1] were smoking methamphetamine from a pipe at Rankin's home. When Rankin's girlfriend dropped the pipe, Manning became upset, which led to an argument between Rankin and Manning. According to the State, after Manning left Rankin's home, Rankin stole a 9mm gun from his sister's vehicle, went to Manning's home, knocked on the front door, exchanged words with Manning, and fired four shots into Manning's home. Early the next morning, Manning went to Rankin's house and threw a brick through a window and fled. In response, Rankin left his house with the gun in pursuit of Manning. Rankin found Manning near his house carrying an ax. Rankin shot and killed Manning.

Counsel for Rankin argued that pursuant to Arkansas Rule of Criminal Procedure 22, he had a right to sever the charges because the two incidents were not a part of a single scheme or plan. The defense contended that the incident on the evening of July 6 was a separate event from the incident that occurred the next morning. The defense argued that the State sought to join the two charges in order to bootstrap a weaker case to another case in order to secure two convictions. The defense further argued that Rankin was prejudiced by having the two charges joined because he was forced to "juggle" two defenses: denial of the terroristic act and justification for first-degree murder. He also claimed that his right to remain silent on the terroristic-act charge was jeopardized by his desire to testify to support his claim of self-defense on the first-degree murder charge.

The circuit court denied Rankin's motion to sever, stating,

There's more to this story than somebody came over and threw a brick in a window. There's more to it. It's the getting of the gun. It's intent. Was there intent,

---

[1]Rankin and Manning were coworkers and neighbors (they lived on the same block).

2

motive. There's a lot more to this story than somebody came up and threw a brick in a window.

The court further stated that the "the same witnesses would have to testify to all of this information" and that the events occurred within a short proximity of time. "We're talking about 12 hours" and "[a]pparently there were ongoing things that were happening during that 12 hours." On appeal, Rankin challenges the court's denial of his motion to sever.

Whether to grant a defendant's motion for severance of two or more offenses lies within the circuit court's discretion, and this court will not reverse that decision absent an abuse of discretion. *Turner v. State*, 2011 Ark. 111, at 3–4, 380 S.W.3d 400, 402 (citing *Dillard v. State,* 333 Ark. 418, 423, 971 S.W.2d 764, 766 (1998); *Passley v. State*, 323 Ark. 301, 915 S.W.2d 248 (1996)).

Arkansas Rule of Criminal Procedure 22.2 provides:

> Whenever two (2) or more offenses have been joined for trial solely on the ground that they are of the same or similar character and they are not part of a single scheme or plan, the defendant shall have a right to a severance of the offenses.

Ark. R. Crim. P. 22.2(a) (2019). A defendant has a right to a severance when two or more offenses have been joined solely on the ground that they are of the same or similar character. *Harrison v. State*, 2017 Ark. App. 580, at 6, 533 S.W.3d 146, 150. Otherwise, granting or refusing a severance is within the discretion of the circuit court. *Id.*, 533 S.W.3d at 150. A severance motion may be denied if the two offenses were part of a single scheme or plan or if both offenses require the same evidence. *Id.*, 533 S.W.3d at 150.

The circuit court denied Rankin's motion to sever because it found that the two offenses were part of a single scheme or plan. In determining whether there was a single scheme or plan, several factors must be considered. First, the "same body of evidence would

3

be offered to prove each offense" that is alleged to make up the single scheme or plan. *Turner*, 2011 Ark. 111, at 6, 380 S.W.3d at 403 (citing *White v. State,* 370 Ark. 284, 291, 259 S.W.3d 410, 415 (2007)). Second, to be a single scheme or plan, the offenses must arise from the same conduct or be a "series of acts connected together." *Id.* at 6, 380 S.W.3d at 403–04 (citing *Holsombach v. State*, 368 Ark. 415, 426, 246 S.W.3d 871, 879 (2007)). Third, closeness in proximity and time are considered. *Id.*, 380 S.W.3d at 404 (citing *Garner v. State*, 355 Ark. 82, 94, 131 S.W.3d 734, 742 (2003)).

Rankin argues that the circuit court abused its discretion in denying his motion to sever because there is no evidence that the terroristic-act and first-degree-murder charges constituted a "single scheme or plan." He claims that the State did not offer the same body of evidence to prove the two charges, there is a gap of twelve hours between the incidents that led to the two charges, and there is no evidence that he acted on any plan or scheme against Manning. We disagree.

The evidence established that the acts giving rise to the terroristic-act and first-degree-murder charges constituted a single scheme or plan. First, some of the same evidence was offered to prove each of the offenses that are alleged to have made up the single scheme or plan. At least five witnesses (Tanner Huff, Derek Rankin, Linda Johnson, Joe Robinson, and Cynthia Silva) testified about both the July 6 and 7 shootings. There was also evidence that after the argument between Rankin and Manning on the evening of July 6, Rankin stole a 9mm gun out of the glove compartment of his sister's vehicle and that shell casings found on July 7 near Manning's body and bullet fragments from Manning's body came from a 9mm gun.

Second, the offenses arose from a series of acts that were connected together. The evidence showed that an argument between Rankin and Manning led to Rankin's taking the gun from his sister's car, Rankin's shooting a gun into Manning's home, Manning's throwing a brick through Rankin's window, and Rankin's fatally shooting Manning. This evidence demonstrates that the two offenses are factually intertwined. *Gillie v. State*, 305 Ark. 296, 305, 808 S.W.3d 320, 324 (1991) (affirming the denial of a motion to sever capital-murder and aggravated-robbery charges because the facts were intertwined and showed that the offenses were a series of acts connected together and occurred within an hour of each other; evidence found at both scenes was traced back to the gun found on the appellant upon his arrest).

Third, the two charges against Rankin were close in proximity in time and space. The terroristic act and the murder occurred within twelve hours of each other and both occurred at or near Manning's home. *Garner*, 355 Ark. at 94, 131 S.W.3d at 742 (holding that the third factor was satisfied because the evidence established that the charges occurred within hours and within a half mile of each other).

The circuit court made findings on each of the three factors, and the evidence supports these findings. Accordingly, we hold that the circuit court did not abuse its discretion in finding that the acts giving rise to the terroristic-act and first-degree-murder charges constituted a single scheme or plan and affirm the circuit court's denial of Rankin's motion to sever.

Affirmed.

GRUBER, C.J., and WHITEAKER, J., agree.

*Benjamin Bristow*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.