Cite as 2025 Ark. App. 148

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-24-179

| | |
|---|---|
| | Opinion Delivered March 5, 2025 |
| DAVID ODOM | |
| APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | [NO. 16JCR-22-1758] |
| STATE OF ARKANSAS | HONORABLE SCOTT A. |
| APPELLEE | ELLINGTON, JUDGE |
| | AFFIRMED |

**MIKE MURPHY, Judge**

Appellant David Odom was convicted by a Craighead County jury of one count of internet stalking of a minor, one count of computer child pornography, and thirty counts of possession of matter depicting sexually explicit conduct involving a child. On appeal, he argues that the evidence was insufficient to support the charges of possession of child pornography or internet stalking of a child. He also argues that the circuit court erred in denying his motion to sever the charges. We affirm.

The facts at trial established that on August 6, 2021, a Facebook account for a fictitious child named "Kaylee Jackson," run by the Jonesboro Police Department, received a friend request from a "David Freakshow Odom." Odom began chatting with an officer who Odom thought was Kaylee. That August, Kaylee told Odom she was fourteen. Thereafter, a gap of time elapsed without chatting due to the lead detective's other duties.

The parties began chatting again in September 2022, and the conversations turned sexual in nature. On September 28, 2022, Kaylee said she did not have a driver's license and would not be able to take the test for a year. On November 6, 2022, Odom drove to the Motel 6 in Jonesboro under the impression he would meet Kaylee there. He was arrested. Inside his car was a phone, a laptop, a laptop bag, a box of condoms, a CVS receipt for the condoms, a container of Vaseline, and a paddle. The paddle had the words "board of correction" on it. Odom's phone was passcode protected, so officers used a program to gain access to it. On it, officers found a picture of Odom, two pictures of the fictitious Kaylee Jackson, and several images and videos depicting sexually explicit conduct involving children. Similar materials were found on Odom's laptop.

## I. *Motions for Directed Verdict*

We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Wilcoxon v. State*, 2022 Ark. App. 458, at 5-6, 655 S.W.3d 686, 692. When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We will affirm a judgment of conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. Jurors do not and need not view each fact in isolation; rather they may consider the evidence as a whole. *Id.* The jury is entitled to draw any reasonable inference from circumstantial evidence to the same extent that it can be from direct evidence. *Id.* The jury may resolve

2

questions of conflicting testimony and inconsistent evidence and may choose to believe the State's account of the facts rather than the defendant's. *Id.*

## A. Internet Stalking of a Child

A person commits internet stalking of a child

> if the person being twenty-one (21) years of age or older knowingly uses a computer online service, internet service, local bulletin board service, or any means of electronic communication to[ s]educe, solicit, lure, or entice an individual that the person believes to be fifteen (15) years of age or younger in an effort to arrange a meeting with the individual for the purpose of engaging in [s]exual intercourse; [s]exually explicit conduct; or [d]eviate sexual activity[.]

Ark. Code Ann. § 5-27-306 (Repl. 2024).

Odom argues that there was no proof that he knew the age of the person on the computer. He explains that Kaylee's Facebook profile had her birthday as September 18, 2005, and she would have been sixteen when the chat turned to a sexual nature. Odom's arguments are similar to those made by the appellant in *Todd v. State*, where we explained that

> the jury had sufficient evidence from the chat logs that appellant was informed that the other person was a fifteen-year-old girl who was on summer break after her sophomore year in high school. The person identified herself as a fifteen-year-old girl in the first moments of conversation. . . .Appellant attempts to pinpoint moments in the chat that showed Stacy's age might be sixteen or older. This ignores our standard of review—we review only the evidence that supports the jury's verdict.

2012 Ark. App. 626, at 6–7, 425 S.W.3d 25, 30.

Here, as in *Todd*, Odom points to evidence that showed Kaylee's age could have been sixteen or older. But we have evidence that supports the jury's verdict: she told Odom in

3

August 2021 she was fourteen, and in September 2022 she told Odom she did not have a driver's license, and it was a year until she could take the test. We affirm this point.

B. Possession of Child Pornography

Odom next argues that there was no proof that he knowingly possessed child pornography. He contends there was no proof he knowingly possessed the phone or the laptop containing the images because there was no proof that he downloaded the images or that they were not downloaded by a third party.

A person commits the crime of possessing or viewing matter depicting sexually explicit conduct involving a child if he "knowingly[ p]ossesses or views through any means, including on the Internet, any photograph, film, videotape, computer program or file, computer-generated image, video game, or any other reproduction that depicts a child or incorporates the image of a child engaging in sexually explicit conduct." Ark. Code Ann. § 5-27-602(a)(2) (Repl. 2024).

The following evidence supports the jury's finding that Odom knowingly possessed matter depicting sexually explicit conduct involving a child. First, the phone and laptop on which the explicit images were found were in Odom's car. No one else was in the car. The phone was passcode protected. In addition to the images at issue here, two were images of "Kaylee" that she had sent to him. There was an image of Odom on the phone and also an image of Odom on the laptop. In *Taliferro v. State*, we explained that we look to see if there was any ownership, dominion, or control over the material itself or dominion over the premises in which the material was found. 2020 Ark. App. 68, at 12, 597 S.W.3d 58, 63–

4

64. Accordingly, there is sufficient evidence to tie Odom to both the premises in which the material was found and the material itself.

## II. *Motion to Sever*

The decision whether to grant a defendant's motion to sever two or more offenses lies within the circuit court's discretion, and this court will not reverse absent an abuse of discretion. *Thompson v. State*, 2015 Ark. App. 275, at 8, 461 S.W.3d 368, 374. Where, however, the offenses are joined solely on the basis that they are of the same or similar character, a defendant has an absolute right to their severance. *Id.* Rule 22.2 of the Arkansas Rules of Criminal Procedure provides further that the circuit court should grant a motion to sever if necessary for a fair trial of each offense. A severance motion may be denied if the two offenses were part of a single scheme or plan or if both offenses required the same evidence. *Rankin v. State*, 2019 Ark. App. 481, at 3, 588 S.W.3d 379, 381.

Odom argues that the offenses charged were not of a similar nature and asserts that the circuit court failed to consider the undue prejudice he suffered by having the jury consider the child-pornography and internet-stalking charges together. Generally, the test for whether joinder is proper involves weighing the possible prejudice to the defendant against the public interest in avoiding duplicitous, time-consuming trials in which the same factual and legal issues must be litigated. *Clay v. State*, 318 Ark. 550, 555, 886 S.W.2d 608, 611 (1994). Where the facts necessary to prove the offenses would almost all be required in each trial if a severance were granted and the evidence would be used in both trials to prove a

5

plan, scheme, motive, or state of mind, there was no abuse of discretion in refusing to sever the cases. *Lukach v. State*, 310 Ark. 119, 123, 835 S.W.2d 852, 854 (1992).

Here, even if the charges had been separated, much of the same evidence would have been required in both trials. Of the four witnesses who testified, all were necessary to establish possession of child pornography, and at least three were critical to proving internet stalking. Detective Bill Brown and Sergeant Shane Fox testified about the day of Odom's arrest, the circumstances surrounding and leading up to it, and the items found in his car. These items included his phone and laptop—which contained child sexual-abuse material—as well as a paddle, condoms, and petroleum jelly. Odom sent Detective Brown, who had posed as "Kaylee" in the chat exchanges with Odom, photos of Odom's car and the paddle via Facebook Messenger. Brown had also provided the images of "Kaylee" that were later found on Odom's phone. Detective Varner testified about the forensic analysis of the phone, while Detective Pigg testified about the forensic analysis of the laptop. Both devices contained child pornography and were discovered in Odom's car alongside other items that further supported the internet-stalking charges.

In *Rankin*, we affirmed a denial of severance, in part, because the offenses were factually intertwined. We emphasized that the same witnesses would have testified in both trials and that the evidence presented for one charge was also relevant to the other. Here, the charges involved overlapping witnesses, timelines, and evidence. Moreover, evidence of either charge would be admissible to establish, at a minimum, Odom's state of mind for the other. *See, e.g.*, *Henry v. State*, 278 Ark. 478, 485, 647 S.W.2d 419, 423–24 (1983) ("Evidence

of the Pizza Hut robbery was found in appellant's car. This evidence would be used in both trials, as would other acts and evidence, to establish a plan, scheme, motive or state of mind."). We affirm the denial of the motion to sever the charges.

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.